IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHERLENE BRITT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-cv-06167 |
| | ) | |
| INGALLS MEMORIAL HOSPITAL, | ) | Honorable Franklin U. Valderrama |
| | ) | |
| Defendant. | ) | Magistrate Judge Maria Valdez |

**AMENDED COMPLAINT**

The Plaintiff SHERLENE BRITT (hereinafter referred to as "BRITT") and for her amended complaint against the Defendant INGALLS MEMORIAL HOSPITAL (hereinafter referred to as "INGALLS"), states:

**COUNT I –
Title VII of the Civil Rights Act of 1964,
as Amended by the Civil Rights Act of 1991**

1. This action is brought for damages sustained by BRITT by reason of INGALLS' violation of her civil rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

2. At all times relevant hereto, BRITT was and is a citizen of the United States, is a resident of Merrillville, Indiana as is African-American.

3. At all times relevant hereto, INGALLS was a not-for-profit corporation organized and existing under the State of Illinois and was located at 1 Ingalls Drive, Harvey, Illinois 60426.

1

4. At all times relevant hereto, INGALLS was an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

5. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1343 and 1331.

6. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 since the complained of conduct occurred in this District.

7. In or around August, 2004, BRITT was hired by INGALLS as an Ultrasound Vascular Technician.

8. Since BRITT held that position, she received favorable performance reviews and accolades from her superiors at INGALLS.

9. At all times relevant hereto, it was the policy of INGALLS not to discriminate against an employee because of his or her race.

10. In March or April of 2020, the position of Lead Ultrasound Vascular Technician became available at INGALLS.

11. BRITT applied for this position.

12. Even though BRITT had more experience and was the most qualified for this position, INGALLS nevertheless, discriminated against her by giving this position to Kimberly Price, who was Caucasian, younger than BRITT, had less experience and was less qualified for the position than BRITT.

13. After the decision was made to give the position to Ms. Price, BRITT spoke with Robin Fosen, her Director, and asked her why Ms. Price got the job and not her.

14. BRITT was told that she allegedly was not able to handle the conflicts in the department.

15. Despite INGALLS' policy, INGALLS discriminated against BRITT in failing to promote her because of her race in violation of her rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

16. INGALLS' articulated reason for promoting Ms. Price over BRITT was merely a pretext for INGALLS' discrimination against her on the basis of her race since BRITT did have more experience than Ms. Price.

17. On December 3, 2020, BRITT filed her charge of discrimination with the Equal Employment Opportunity Commission.

18. Pursuant to her request, on September 28, 2021, the Equal Employment Opportunity Commission issued BRITT a notice of right to sue. A true and correct copy of this notice is attached hereto as ***Exhibit A***.

19. Less than ninety days have expired since BRITT's receipt of this notice of right to sue.

20. INGALLS' violation of BRITT's civil rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, has caused BRITT pecuniary damages.

WHEREFORE, the Plaintiff SHERLENE BRITT requests that this Court enter judgment in her favor and against the Defendant INGALLS MEMORIAL HOSPITAL as follows:

    a.    Enjoining INGALLS from engaging in such unlawful employment practices as alleged in this complaint;

    b.    Requiring INGALLS to give BRITT the position of Lead Ultrasound Vascular Technician at the rate of pay comparable to what she would have been receiving if not for the civil rights' violations committed against her;

    c.    Making BRITT whole as to all salary, benefits and seniority status that would have been accrued if she was given the position of Lead Ultrasound Vascular Technician but for the civil rights violations committed by INGALLS;

    d.    Awarding BRITT attorney's fees, costs and pre-judgment interest; and

    e.    Awarding BRITT compensatory and punitive damages in an amount to be determined at trial;

    f.    Awarding BRITT such other relief as this Court may deem appropriate.

THE PLAINTIFF DEMANDS TRIAL BY JURY.

## COUNT II –
### Age Discrimination in Employment Act of 1967
### 28 U.S.C. § 621 et. seq., as Amended

1.    This action is brought for damages sustained by BRITT by reason of INGALLS' violation of her civil rights under the Age Discrimination in Employment Act of 1967, 28 U.S.C. § 621 et. seq., as amended (hereinafter referred to as the "ADEA").

4

2. At all times relevant hereto, BRITT was and is a citizen of the United States, is a resident of Merrillville, Indiana and was born on August 10, 1959.

3. At all times relevant hereto, INGALLS was a not-for-profit corporation organized and existing under the State of Illinois and was located at 1 Ingalls Drive, Harvey, Illinois 60426.

4. At all times relevant INGALLS was an "employer" within the meaning of the ADEA.

5. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1343 and 1331 and 28 U.S.C. § 626(c)(1).

6. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 since the complained of conduct occurred in this District.

7. In August, 2004, BRITT began employment with INGALLS as an Ultrasound Vascular Technician.

8. Up through August, 2020, BRITT received positive feedback and reviews from her superiors.

9. At all times relevant hereto, it was the policy of INGALLS not to discriminate against an employee because of her or her age.

10. At all times relevant hereto, INGALLS knew that BRITT was in her 60s.

11. Notwithstanding that policy, commencing on or about August, 2020, INGALLS began to discriminate against BRITT by virtue of her age.

12-16. BRITT repeats, realleges and incorporates by reference paragraphs 10 through 14 of Count I as paragraphs 12 through 16 of Count II.

17. By hiring Kimberly Price as opposed to BRITT, INGALLS, therefore discriminated against her because of her age in violation of her rights under the ADEA.

18. On December 3, 2020, the Equal Employment Opportunity Commission received BRITT's charge of discrimination.

19. Pursuant to BRITT's request, on September 28, 2021, the Equal Employment Opportunity Commission issued BRITT a notice of right to sue. A true and correct copy of this notice is attached hereto as ***Exhibit A***.

20. Less than ninety days have expired since BRITT's receipt of this notice of right to sue.

21. INGALLS' violation of BRITT's rights under the ADEA has caused BRITT pecuniary damages.

WHEREFORE, the Plaintiff SHERLENE BRITT requests that this Court enter judgment in her favor and against INGALLS MEMORIAL HOSPITAL as follows:

    a. Enjoining INGALLS from engaging in such unlawful employment practices as alleged in this complaint;

    b. Requiring INGALLS to give BRITT the position of Lead Ultrasound Vascular Technician at the rate of pay comparable to what she would have been receiving if not for the civil rights' violations committed against her;

    c. Making BRITT whole as to all salary, benefits and seniority status that would have been accrued if she was given the position of Lead Ultrasound Vascular Technician;

d. Awarding BRITT liquidated damages in an amount to be determined at trial;

e. Awarding BRITT attorney's fees, costs and pre-judgment interest; and

f. Awarding BRITT such other relief as this Court may deem appropriate.

THE PLAINTIFF DEMANDS TRIAL BY JURY.

Respectfully submitted,

/s/ Joel F. Handler
JOEL F. HANDLER (#1115812)
One E. Wacker Drive, Suite 510
Chicago, Illinois 60601
(312) 832-0008
jhandler@handlerlawgroup.com
Attorney for the Plaintiff,
SHERLENE BRITT